FILED

2016 JAN 15 AM 11: 14

CLERK US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE FLORIDA

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

CLINTON QUERING,

Plaintiff,

CASE NO.: 3:16-CV-42-J-39JBT

vs.

SPEARS COASTLINE PLASTICS, LLC,
a Florida Limited Liability Company, and
SPEARS MANUFACTURING CO., a
Foreign Profit Corporation,

Defendants. /

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, QUINTON QUERING, ("Plaintiff"),by and through undersigned counsel, files this Complaint against Defendants, SPEARS COASTLINE PLASTICS, LLC, a Florida Limited Liability Company ("SPEARS COASTLINE") and SPEARS MANUFACTURING CO., a foreign Profit Corporation ("SPEARS MANUFACTURING") and states as follows:

**JURISDICTION**

1. Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act ("FLSA"), as amended 29 U.S.C. §201, et seq., to recover unpaid wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

2. The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. §1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

3. This Court has supplemental jurisdiction over Plaintiff's unjust enrichment

claim pursuant to 28 U.S.C. § 1367(a) because Plaintiff's unjust enrichment claim forms a part of the same case or controversy and arises out of a common nucleus of operative facts as his overtime claims.

**PARTIES**

4. At all times material to this action, Plaintiff was a resident of Nassau County, Florida.

5. At all times material to this action, SPEARS COASTLINE was, and continues to be a Florida Limited Liability Company. Further, at all times material hereto, SPEARS COASTLINE was, and continues to be, engaged in business in Florida and doing business in, among others, Nassau County, Florida.

6. At all times material to this action, SPEARS MANUFACTURING was, and continues to be a Foreign Profit Corporation. Further, at all times material hereto, SPEARS MANUFACTURING was, and continues to be, engaged in business in Florida and doing business in, among others, Nassau County, Florida.

7. SPEARS COASTLINE and SPEARS MANUAFACTURING are both manufacturing companies specializing in CPVC piping and share the same principal place of business and mailing address of 15853 Olden Street, Sylmar, CA 91342.

8. At all times material hereto SPEARS MANUFACTURING was the managing member of SPEARS COASTLINE.

9. SPEARS MANUFACTURING and SPEARS COASTLINE operate as a joint enterprise. Also the website for SPEARS COASTLINE (available at www.coastlineplastics.com/index.htm) contains the following information:

**Spears Manufacturing Company Acquisition of Coastline Plastics from Victaulic**

> **In order to provide customers with a more complete CPVC pipe and fitting line exhibiting the high level of quality, availability and unsurpassed service for which to Spears® has become known, the company has acquired a quality CPVC pipe manufacturing facility. Spears® Coastline Plastics, LLC has been formed from the acquisition of Coastline Plastics, LLC, a leading producer of CPVC Pipe in plumbing, industrial and fire protection market applications. As a growing player in the CPVC market, Coastline's CPVC pipe offering is the perfect complement to Spears® extensive line of CPVC thermoplastic valve and fittings. The acquisition positions Spears® ideally as a total CPVC system supplier.**

10. The SPEARS COASTLINE website also contains a link to the SPEARS MANUFACTURING homepage. *See* www.coastlineplastics.com/index.htm, and embedded link to www.spears.com.

11. SPEARS COASTLINE is a wholly owned subsidiary of SPEARS MANUFACTURING.

12. Plaintiff's employment application was directed to SPEARS MANUFACTURING.

13. Plaintiff's paychecks were issued by SPEARS COASTLINE.

14. At all times relevant hereto, SPEARS and SPEARS MANUFACTURING were Plaintiff's "integrated employer" under the FLSA, because they had: (i) Common management; (ii) Interrelated operations; (iii) Centralized control of labor relations; and (iv) Common ownership/financial control.

15. At all times relevant hereto, SPEARS and SPEARS MANUFACTURING were Plaintiff's "joint employer," for the purposes of FLSA coverage, pursuant to 29 C.F.R. §825.106, because: (i) There was an arrangement between them to share employees' services or to interchange employees; (ii) Each of them acted directly or indirectly in the interest of each other in relation to Plaintiff; or, (iii) They were not and

are not completely disassociated with respect to the Plaintiff's employment, and shared control of Plaintiff, directly or indirectly, because each of them was under common control with each other.

16. SPEARS and SPEARS MANUFACTURING are currently listed with the Florida Department of State, Division of Corporations, as "Active" businesses. See Corporation search results for SPEARS COASTLINE PLASTICS, LLC and SPEARS MANUFACTURING CO. attached hereto as Exhibits "A and "B" respectively.

17. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of § 7of the FLSA.

18. At all times material to this action, Plaintiff was an "employee" of Defendants within the meaning of the FLSA.

19. At all times material to this action, Defendants were Plaintiff's "employer" within the meaning of the FLSA.

20. Defendants were and continue to be, "employers" within the meaning of the FLSA.

21. At all times material to this action, Defendants, SPEARS COASTLINE and SPEARS MANUFACTURING were, and continue to be, a "joint enterprise engaged in commerce" within the meaning of the FLSA.

22. Based upon information and belief, the annual gross revenue of Defendants was in excess of $500,000.00 per annum during the relevant time periods.

23. At all times material to this action, Defendants had two (2) or more employees regularly handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce throughout the United States, including,

but not limited to, CPVC pipe for fire protection, plumbing and industrial market applications.

24. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

25. On or about October 2014, Defendants hired Plaintiff to work as a non-exempt hourly-paid stacker working for Defendants' manufacturing company located in Nassau County, FL.

26. Plaintiff's job duties included, but were not limited to, stacking CPVC pipe, checking pipe for defects, cutting and bagging pipe, cleaning pipe and loading pipe.

27. At various times material hereto, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

28. From at least November 2014, and continuing through April 2015, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

29. Specifically, Defendants made deductions from Plaintiff's time for breaks lasting less than twenty (20) minutes and did not compensate him for this time.

30. In fact, Defendants deducted thirty (30) minutes for these breaks of less than twenty (20) minutes.

31. These breaks of less than twenty minutes are considered "hours worked." 29 C.F.R. § 785.18.

32. Throughout Plaintiff's employment, he was subjected to a rounding

practice pursuant to which hours during which he was clocked in and working were systematically removed from his paid hours.

33. This rounding practice was applied only to the company's benefit, resulting, over time, in Defendants' failure to compensate Plaintiff for all the time he actually worked, in violation of 29 C.F.R. § 785.48.

34. Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per workweek within the applicable limitations period, as required by the FLSA.

35. Upon information and belief, the majority of Plaintiff's pay and time records are in the possession of Defendants, although Defendants did provide a copy to Plaintiff, prior to Plaintiff's instituting this suit.

36. Plaintiff's counsel requested further communication with Defendants to attempt to resolve this matter prior to litigation, but received no further response.

37. Upon information and belief, Defendants apply similar unlawful rounding practices to all of those employed in a similar capacity to Plaintiff. Should additional such employees come forward, Plaintiff intends to amend his complaint to include allegations applicable to this collective

38. Defendants have violated Title 29 U.S.C. §207 from at least 2014 continuing through April 2015, in that:

a. Plaintiff worked in excess of forty (40) hours in one or more workweeks for the period of employment with Defendants; and

b. No payments or provisions for payment have been made by Defendants to properly compensate Plaintiff at the statutory rate of

one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA.

39. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful, as Defendants purposely effected a policy pursuant to which time was only rounded to shave hours, and 30 minute deductions were made for breaks lasting less than 20 minutes.

40. Defendants failed and/or refused to properly disclose or apprise Plaintiff of his rights under the FLSA.

41. To the extent that uncompensated shaved hours worked and uncompensated hours worked in the form of breaks less than twenty (20) minutes occurred in non-overtime weeks, Defendants have nonetheless been enriched by not having to pay Plaintiff for all hours worked.

42. Plaintiff, through his work, conferred a benefit on Defendants.

43. Defendants accepted the benefit of these hours worked, without compensating Plaintiff for same.

44. It would be unjust to allow Defendants to retain the value of these hours worked without payment for same.

45. Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

46. Plaintiff re-alleges paragraphs 1 through 39, and 44 of the Complaint, as

if fully set forth herein.

47. From at least October 2014 continuing through April, 2015, Plaintiff orked certain hours in excess of forty (40) hours in one or more workweeks for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

48. Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for all hours worked in excess of forty (40) hours in a workweek.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due because Plaintiff was clocked in for the hours for which he was not paid and Defendants simply chose not to pay him for those hours, despite paying him at an overtime rate for other overtime hours worked.

50. Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in his favor, and against

Defendants, for actual and liquidated damages, declaratory relief, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

**COUNT II**
**UNJUST ENRICHMENT**

53. Plaintiff re-alleges paragraphs 1 through 15, 24-25, 28-32, and 40-44 of the Complaint, as if fully set forth herein.

54. In weeks in which Plaintiff did not work overtime hours, through their policies of (1) deducting thirty (30) minutes for breaks less than twenty (20) minutes; and (2) always rounding time down such that, over time, Plaintiff was not paid for all of the hours he clocked in, Defendants knowingly and unlawfully avoided paying Plaintiff all of his earned wages.

55. To the extent that these uncompensated hours worked were not overtime hours, Defendants knowingly and unlawfully avoided paying Plaintiff for these hours worked.

56. Plaintiff conferred a benefit on Defendants through the work he performed.

57. Defendants accepted the benefit of this work, without compensating Plaintiff for all of his hours worked.

58. It would be unjust to allow Defendants to retain the benefit of the value of these hours worked without payment for same.

59. Plaintiff's unjust enrichment claim seeks to recover amounts which constitute wages which should have been paid for hours worked, to the extent these hours were worked in non-overtime weeks.

WHEREFORE, Plaintiff, requests a judgment entered in his favor and against

Defendants for actual damages, compensatory damages, and/or restitution, as well as costs, expenses and attorneys' fees pursuant to Fla. Stat. § 448.08 and other such relief deemed proper by this Court.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated: this 13th day of January, 2016.

Respectfully submitted,

Angeli Murthy, Esquire
FL Bar No.: 088758
MORGAN & MORGAN, P.A.
600 N. Pine Island Road, Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-327-3016
E-mail: Amurthy@forthepeople.com

*Trial Counsel for Plaintiff*